```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
JAMES WILLIAMS                    :        CIVIL ACTION
                                  :
         v.                       :
                                  :
THE KINTOCK GROUP, INC.,          :        NO. 20-1915
   et al.
```

<u>MEMORANDUM</u>

Bartle, J.                                                August 10, 2020

        Plaintiff James Williams brings this action against defendants The Kintock Group, Inc. ("Kintock") and Corizon Health, Inc. for failure to provide him with acceptable medical care while he was housed at a facility operated and controlled by Kintock. The complaint contains five counts: (1) Count I alleges a violation of the Eighth Amendment under 42 U.S.C. § 1983; (2) Count II asserts a violation of the Fourteenth Amendment under 42 U.S.C. § 1983; (3) Count III avers medical malpractice/negligence under Pennsylvania law; (4) Count IV alleges, under state law, intentional infliction of emotional distress and bodily harm; and (5) Count V asserts a state law claim for negligence.

        Defendants move to dismiss Counts II and IV for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because defendants have filed an answer, their motion is properly characterized as a motion for partial judgment on the pleadings under Rule 12(c). Either

way, we must accept all well pleaded facts in the complaint as true for present purposes.  See Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018).

First, defendants move for judgment on the pleadings on Count II, which relies on the Fourteenth Amendment.  In essence, defendants argue that any claim for deliberate indifference to the medical needs of prisoners as alleged here must be analyzed under the Eighth Amendment as set forth in Count I.  The Eighth Amendment prohibits conduct that constitutes an "unnecessary and wanton infliction of pain" or that is "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-6 (1976).  It is "designed to protect those convicted of crimes." Ingraham v. Wright, 430 U.S. 651, 664 (1977).  See also Whittey v. Albers, 475 U.S. 312 (1986).  The Fourteenth Amendment, on the other hand, addresses inadequate medical care applicable to arrestees or pretrial detainees.  See Howard v. Taylor, 399 F3d 150, 157-78 (3d Cir. 2005).

Defendants assert that plaintiff was confined to Kintock pursuant to a parole violation following a criminal conviction.  The problem with defendants' argument is that the complaint nowhere states plaintiff's status.  While defendants may be correct that the plaintiff had been convicted of a crime, we cannot go beyond the four corners of the pleading at this

stage.  When the plaintiff's status is part of the record, this issue can be resolved.  Accordingly, defendants' motion for judgment on the pleadings as to Count II of the complaint will be denied.

Count IV alleges intentional infliction of emotional distress under Pennsylvania law.  This Count will require a fact intensive inquiry.  Count IV is sufficient at this point to withstand a motion for judgment on the pleadings.